## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
*Electronically Filed*

| | |
|---|---|
| JENNIFER BROOKS and ROBERT BROOKS, *Plaintiffs,* v. HUMANA INC. and FEDERAL EMPLOYEES HEALTH BENEFIT PROGRAM, *Defendants.* | Case No. 3:20-cv-331-JRW |

### HUMANA INC.'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Humana Inc. moves to dismiss all claims brought against it by Plaintiffs Jennifer and Robert Brooks. The Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901 *et seq.*, and its implementing regulations require Plaintiffs to assert those claims *only* against the United States Office of Personnel Management ("OPM") and not against Humana Inc. Moreover, even if Humana Inc. were a proper defendant, federal law preempts all of Plaintiffs' state law claims. Finally, plaintiff has sued the wrong defendant, as Humana Inc. did not administer the Brooks' health care benefits. Therefore, all claims asserted against Humana must be dismissed.

### FACTUAL BACKGROUND

Mr. and Mrs. Brooks are enrollees in a group health insurance plan (the "Plan") issued by Humana Health Plan, Inc. ("Humana"), under the Federal Employee Health Benefits Act ("FEHBA," "FEHB Act" or the "Act"). ECF No. 1, Compl. ¶ 3. The Act authorizes the United States Office of Personnel Management ("OPM") to negotiate contracts with private insurance

carriers to provide uniform health insurance benefits to federal employees nationwide under terms set by OPM. Here, OPM contracted with Humana, a wholly owned subsidiary of Humana Inc., to provide benefits to federal employees under the terms of the FEHBA program.

In June 2019, Jennifer Brooks, a FEHB plan enrollee, asked Humana to preauthorize coverage of a medical procedure to be performed by an out-of-network physician at Ohio State University. *Id.* at ¶¶ 12, 24; *see also* Humana Response to OPM Regarding Brooks Appeal (attached hereto at **Exhibit 1**), p. 2.[1] Under the Plan, non-emergency claims for out-of-network medical treatment require such preauthorization to qualify for coverage. Mrs. Brooks' waiver request did not include any clinical information that would allow Humana to review it. Exh. 1, p. 3. Humana denied the request for out-of-network authorization after determining that there were 147 participating providers with a specialty of interventional cardiology within 100 miles of her home who could provide treatment to her. *Id.*; *see also* Compl. ¶ 8. On June 21, 2019, Humana sent Mrs. Brooks a letter informing her of its decision and setting forth her appeal rights. Exh. 1, p. 3.

Ohio State University contacted Humana regarding its denial of pre-authorization for the out-of-network services Mrs. Brooks sought. *Id.* At the providers' request, Humana conducted an expedited review of the denial of the waiver request, including by contacting participating plan physicians in the same specialty as Mrs. Brooks' preferred doctor. *Id.* Humana "found there were Plan Providers available that could perform the requested procedure" and, as a result, "determined

---

[1] The Complaint (¶ 9) references Mrs. Brooks' appeal of Humana's payment denial to OPM. Therefore, the parties' administrative appeal submissions, and OPM's ultimate decision, may be considered by this Court without converting this motion into one for summary judgment. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."). That rule is particularly appropriate in a case like this, because where a plaintiff challenges the denial of FEHBA benefits, the evidence in the case "[w]ill be limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits." 5 C.F.R. § 890.107(d)(3); *see also Stonitsch v. United States*, 238 F.3d 424 (6th Cir. 2000) (affirming decision in a FEHBA case that "granted judgment on the administrative record").

that the out-of-network waiver request for Dr. Baker and Ohio State University Hospital did not meet the criteria for coverage." *Id.*

Humana informed Ohio State of its decision to uphold the denial of the prior authorization request in writing on July 3, 2019 and sent a copy of that letter to Mrs. Brooks. *Id.* Ohio State then contacted Humana again, requesting a peer-to-peer review of the denial. *Id.* Humana informed the provider that the next step in the dispute process was to appeal Humana's denial of prior authorization directly to OPM for a final determination. *Id.* Neither Mrs. Brooks nor Ohio State appears to have submitted an appeal of Humana's pre-service denial to OPM. *Id.*[2]

Instead, Mrs. Brooks went ahead with the planned treatment. She twice elected to undergo surgical treatment at the Ohio State facility for which Humana denied preauthorization. *Id.* at ¶ 13. Apparently, Mrs. Brooks "went forward with the procedure since the facility told her Medicare would pay the charges." Exh. 1, p. 5 (referencing letter from Mrs. Brooks). That turned out to be faulty advice; Medicare ultimately denied Mrs. Brooks' claims. *Id.*

Humana subsequently received multiple claims from Ohio State seeking payment for Mrs. Brooks' non-covered care. Humana denied each of these claims for lack of prior authorization, and Mrs. Brooks again sought reconsideration of that denial, first by Humana's internal appeals department, and later by OPM. *Id.* at ¶¶ 8-9.

In its final decision letter, OPM upheld Humana's denial of the claims for payment. *See* OPM Denial Letter (attached hereto as **Exhibit 2**). OPM began by noting that Mrs. Brooks' plan "brochure states in part that Humana does not cover 'Care by non-Plan providers except for authorized referrals or emergencies.'" Exh. 2, p. 1. OPM also quoted the plan language making clear

---

[2] Because Mrs. Brooks did not appeal the denial of preauthorization to OPM, she cannot contest that in this suit. *See Scholl v. QualMed, Inc.*, 103 F. Supp. 2d 850 (E.D. Pa. 2000) (declining to review FEHBA claim that was not properly exhausted). Thus, the sole issue here is whether Humana and OPM properly denied payment for services that had not been pre-authorized.

that "[*i*]*f no authorization is received or approved, you will be responsible for all costs of such services*." *Id.* at 2 (emphasis added).

OPM confirmed that its "records do not show that you submitted a requested for OPM to review your health plan's denial" of prior authorization. *Id.* In light of the absence of "documentation to support that you had authorization from Humana prior to receiving services at OSU Hospital on July 15, 2019 or on November 27, 2019," OPM did "not have a contractual basis to overturn Humana's denial." *Id.*

Mrs. Brooks has elected to sue both OPM and Humana, raising a variety of claims arising under state law.

## STATUTORY AND REGULATORY FRAMEWORK

Congress enacted FEHBA in 1959 to establish "a comprehensive program of health insurance for federal employees." *Coventry Health Care of Mo., Inc. v. Nevils*, 137 S. Ct. 1190, 1194 (2017) (quoting *Empire HealthChoice Assurance, Inc.* v. *McVeigh*, 547 U. S. 677, 682 (2006)). The Act authorizes OPM to contract with private insurance carriers to provide health insurance to federal workers and their dependents. 5 U.S.C. § 8902(a). Unlike many private insurance plans, covered federal employees are not parties to any contract with the insurer, rather "they are enrollees subject to OPM's regulations." *Rievley ex rel. Rievley v. Blue Cross Blue Shield of Tennessee*, 69 F.Supp.2d 1028, 1036 (1999). The only contractual relationship under the FEHBA framework is that between OPM and the insurance carrier. 5 U.S.C. § 8902(a); *Nevils*, 137 S. Ct. at 1199.

Owing to the "[s]trong and 'distinctly federal interest[]…' in uniform administration of the program, free from state interference," FEHBA includes a "broad" and "expansive" preemption provision. *Id.* at 1193. That provision, first included in the Act in 1978, then broadened by a 1998 amendment, states as follows:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall

> supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1). The preemption clause, taken together with the grant of original jurisdiction to federal district courts for claims arising under the Act, 5 U.S.C. § 8912, underscores Congress' commitment to ensuring nationwide uniformity in the administration of FEHBA plans and benefits.

The statute assigns OPM "broad administrative and rulemaking authority over the program." *Nevils*, 137 S. Ct. at 1195; 5 U.S.C. § 8913. Pursuant to that authority, OPM has promulgated a detailed regulatory framework governing the process by which an enrollee may appeal the insurance carrier's denial of coverage. When a FEHBA carrier denies a claim, "the covered individual may ask the carrier to reconsider its denial." 5 C.F.R. § 890.105(a)(1). If the carrier affirms its decision to deny coverage, the enrollee may then "ask OPM to review the claim." *Id.* If OPM agrees that the claim was properly denied, the enrollee may then seek judicial review, but only after "exhaust[ing] both the carrier and OPM review processes." *Id.* Any legal action "involving [the] denial of health benefits must be brought against OPM and *not against the carrier* or carrier's subcontractors." 5 C.F.R. § 890.107(c) (emphasis added). That is because "OPM has the authority under [FEHBA] to order the carrier to pay the claim." *Federal Employees Health Benefits Program: Filing Claims; Disputed Claims Procedures and Court Actions*, 60 Fed. Reg. 16,037, 16,037 (Mar. 29, 1995); *see also* 5 U.S.C. § 8902(j) ("Each contract under this chapter shall require the carrier to agree to pay for or provide a health service or supply in an individual case if the Office finds that the [plan member] . . . is entitled thereto under the terms of the contract."). Thus, a covered individual simply may not bring a civil action against the insurance carrier challenging denial of a claim under a FEHBA policy.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted where "it is clear that the plaintiff can prove no set of facts consistent with the allegations that would entitle him to relief." *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotations omitted).

## ARGUMENT

Plaintiffs' claims against Humana Inc. fail for three reasons. First, the FEHBA statutory and regulatory framework expressly precludes Plaintiffs from asserting claims against Humana involving the denial of benefits. Therefore, Humana should not be a party this suit at all. Second, to the extent that Plaintiffs assert claims against Humana arising under state law, those claims are preempted by FEHBA. Finally, Plaintiff has sued the wrong entity altogether as Humana Inc. was not a party to the FEHBA contract at issue here.

## I.     Humana Is Not a Proper Party to this Action

Plaintiffs' core grievance is that Humana and OPM improperly denied Mrs. Brooks' request for coverage of out-of-network medical treatment that was rendered without prior authorization. Whatever the merits of Plaintiffs' claims, FEHBA and its implementing regulations expressly forbid Plan enrollees aggrieved by the denial of health benefits to file suit against their insurance carriers in court. To the contrary, the statute and its implementing regulations expressly prohibit such an action, instead permitting Plaintiff to sue *only* OPM. Thus, Humana is an improper party, and all claims against it must be dismissed.

The FEHB Act states that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim

*against the United States* founded on this chapter." 5 U.S.C. § 8912 (emphasis added). The Act nowhere contemplates that FEHBA beneficiaries might bring suits against the insurance companies that contract with the government to provide those benefits under OPM's direct supervision.

Pursuant to Congress' express delegation of rulemaking authority, *see* 5 U.S.C. § 8913, OPM has confirmed that suits challenging denials of benefits offered under FEHBA plans may only be brought against the government. OPM's regulations set forth a three-step process for Plan enrollees wishing to appeal an insurance carrier's denial of a claim. First, the enrollee must file an administrative appeal with the insurance carrier directly. 5 C.F.R. § 890.105(b). Second, if the carrier determines that the claim was properly denied, "the covered individual must make a request to OPM to review the carrier's decision." *Id.* § 890.105(d). Third, the enrollee may seek judicial review of the decision to deny coverage, but only after "exhaust[ing] both the carrier and OPM review processes." *Id.* § 890.105(a). The regulation expressly requires that any civil action "must be brought against OPM and not against the carrier or carrier's subcontractors." *McVeigh*, 547 U.S. at 686 (quoting 5 C.F.R. § 890.107(c)). Because OPM has ultimate authority "to order the carrier to pay the claim," 60 Fed. Reg. 16,037, the regulation designates OPM as the "sole defendant" in any action by the enrollee contesting denial of a claim for FEHBA benefits. *McVeigh*, 547 U.S. at 687.

Here, Plaintiffs have ignored controlling federal law by bringing an action that names both OPM *and* Humana—the FEHBA carrier—as defendants. Under the plain terms of FEHBA and its regulatory framework, as interpreted by the Supreme Court, that is something Plaintiffs cannot do. *Id.* at 686-87 (noting that enrollees may only sue OPM, not the FEHBA carrier, over denial of benefits). Not surprisingly, then, courts have repeatedly dismissed claims brought against carriers to challenge the denial of benefits allegedly available under a FEHBA plan. *See, e.g., Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 397 (9th Cir. 2002) (explaining that in "disputes over FEHBA benefits . . . beneficiaries may only name OPM, not the carrier, in a suit, and recovery… [is]

limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute."); *Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1318 (10th Cir. 1999) (Legal action "must be brought against OPM and not against the carrier or carrier's subcontractors."); *Maple v. United States ex rel. Office of Personnel Mgmt.*, 2010 WL 2640121, at *2 (W.D. Okla. June 30, 2010) (holding that "FEHBA does not provide a cause of action whereby Plaintiffs could be entitled to the relief they seek by suing the [insurance carrier]."); *Campbell v. U.S. Office of Pers. Mgmt.*, 384 F. Supp. 2d 951, 954 (W.D. Va. 2004) (holding that FEHBA carrier "is not a proper party before this Court . . . therefore the claim against it should be dismissed"); *Catholic Diocese of Biloxi Supplemental Med. Reimbursment Plan & Catholic Diocese of Biloxi v. Blue Cross, Blue Shield of Texas*, 960 F. Supp. 1145, 1147 (S.D. Miss. 1997) (noting that "[e]nrollees who seek judicial review of OPM's decision must bring their suit against OPM and not against the carrier" and dismissing claims against insurer). This Court should do the same and dismiss *all* claims against Humana.

## II.     FEHBA Preempts Plaintiffs' State Law Claims.

FEHBA not only prevents Plaintiffs from suing Humana in the first place, but also preempts all of Plaintiffs' state law causes of action. "[T]here are three types of preemption—express preemption, implied conflict preemption, and implied field preemption." *King v. Ford Motor Co.*, 209 F.3d 886, 891 (6th Cir. 2000). Here, the first two types—express preemption and conflict preemption—defeat Plaintiffs' state-law claims against Humana.

### A.     Plaintiffs' State Law Claims Are Expressly Preempted by FEHBA.

FEHBA's express preemption provision gives preemptive effect to OPM's contract with Humana:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

8

5 U.S.C. § 8902(m)(1). With this provision, Congress sought to ensure "uniform administration of the program, free from state interference, particularly in regard to coverage, benefits, and payments." *Nevils*, 137 S. Ct. at 1197. The preemption clause by which FEHBA achieves that end "express[es] a broad pre-emptive purpose" and is "compatible with the Supremacy Clause" of the Constitution. *Id.* (quoting *Morales* v. *Trans World Airlines, Inc.*, 504 U. S. 374, 383 (1992)). As the Supreme Court has made clear, "under § 8902(m)(1) as it now reads, state law—whether consistent or inconsistent with federal plan provisions—is displaced on matters of 'coverage or benefits.'" *McVeigh*, 547 U.S. at 686.

Here, Plaintiffs assert several state law claims regarding coverage or benefits, all of which are expressly preempted by the Act. State law claims alleged in the Complaint include (*i*) breach of contract, (*ii*) wrongful denial of benefits, (*iii*) breach of fiduciary duty, (*iv*) equitable estoppel and quantum meruit, (*v*) waiver/detrimental reliance, (*vi*) statutory bad faith claims under Chapter 304 of the Kentucky Revised Statutes, (*vii*) negligent supervision, and (*viii*) violations of the Kentucky Consumer Protection Act. Each of these causes of action is rooted in a single, common contention: that Defendants wrongfully denied Plaintiffs' requests for health insurance benefits provided by the FEHBA plan at issue. In other words, each of Plaintiffs' state law causes of action alleges wrongdoing with respect to "extent of coverage or benefits," 5 U.S.C. § 8902(m)(1), and is therefore "displaced" by the federal statute. *McVeigh*, 547 U.S. at 686.

Other federal courts have held that the provision "preempts any state law claim challenging the administration of a FEHBA-based plan," no matter the specific common-law theory pled. *Zukor v. Inova Health Care Servs.*, Case No. CA-99-01909-A, 2000 U.S. Dist. LEXIS 21998, at *6-7 (E.D. Va. Feb. 23, 2000) ("*any* claim that even marginally challenges the administration of a FEHBA-based plan" is preempted). Indeed, federal courts have held every state law cause of action asserted by Plaintiffs in this case to be preempted by FEHBA. *See Burkey v. Gov't Employees Hosp. Ass'n*, 983 F.2d 656, 660 (5th Cir. 1993) (holding that claim brought under state statute authorizing damages for

unreasonable delay in paying health insurance claim was preempted); *Truell v. Blue Cross & Blue Shield of Fla.*, 2008 WL 11336248, at *1, 4 (M.D. Fla. Mar. 31, 2008) (holding state law claims for "breach of contract, promissory estoppel, equitable estoppel, and deceptive and unfair trade practices" were preempted); *St. Mary's Hosp. v. CareFirst of Md., Inc.*, 192 F. Supp. 2d 384, 388-89, 390 (D. Md. 2002) (holding that state law claims for breach of contract, relief from forfeiture, and quantum meruit were preempted); *Zukor*, 2000 U.S. Dist. LEXIS 21998, at *6-7 (holding that state law claims for negligence, failure to select competent providers, and failure to establish policies for proper diagnosis and treatment of patients were preempted); *Rievley*, 69 F.Supp.2d at 1037 (claims for breach of contract, breach of fiduciary duty, and bad faith preempted by FEHBA); *Negron v. Patel*, 6 F. Supp. 2d 366, 370 (E.D. Pa. 1998) (holding that state law claims for negligence supervision, breach of fiduciary duty, and violations of consumer protection law, among others, were preempted). Because FEHBA expressly preempts *all of* the state law claims against Humana, those claims should be dismissed even if Humana were a proper defendant (which it is not).

**B.    Plaintiff's Claims Are Also Preempted under Ordinary Principles of Conflict Preemption.**

Furthermore, Plaintiffs' claims, to the extent that they arise under state law, are preempted by FEHBA under the principles of conflict preemption. "Conflict preemption occurs 'where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *State Farm Bank, FSB v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008) (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). Where, as here, Congress has included an express preemption clause, the inclusion of that clause "does *not* bar the ordinary working of conflict preemption principles," *Sprietsma v. Mercury Marine*, 537 U.S. 51, 65 (2002) (quoting *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 869 (2000)) (emphasis original).

The state law claims asserted against Humana conflict with FEHBA in at least three ways.

*First*, allowing state law causes of action would frustrate the purpose and objective of Congress "to ensure the uniform administration of FEHBA health insurance plans and the benefits employees were offered under those plans." *Mahajan v. Blue Cross Blue Shield Ass'n*, 2017 WL 4250514, at \*10 (S.D.N.Y. Sep. 22, 2017) (quoting *Nevils*, 137 S. Ct. at 1197); *Hayes v. Prudential Ins. Co. of America*, 819 F.2d 921, 925 (9th Cir. 1987) ("The policy underlying [FEHBA's express preemption provision] is to ensure uniformity in the administration of FEHBA benefits."). Were FEHBA enrollees permitted to sue under the various state common law and consumer protection statutes, OPM would be faced with the impossible task of creating a uniform plan that complied with the variegated laws of every jurisdiction. The end result would be an inconsistent patchwork of various plans, each with its own set of administrative idiosyncrasies, which would "frustrate Congress's goal of having FEHBA plans uniformly administered across the country." *Mahajan*, 2017 WL 4250514, at \*10 (holding that principles of conflict preemption defeated state law claims against FEHBA insurance carrier).

*Second*, as discussed in Part I, *supra*, FEHBA's implementing regulations require that any suit challenging a denial of FEHBA plan benefits be brought exclusively against OPM; suits against the carrier and its subcontractors are expressly prohibited. *See* 5 C.F.R. § 890.107(c). Plaintiffs' state law causes of action against Humana directly conflict with that requirement and are, therefore, preempted.

*Third*, under the federal scheme, recovery available to a plaintiff alleging wrongful denial of FEHBA benefits is "limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute." 5 C.F.R. § 890.107(c). Recovery available for state law causes of action is not so limited. For example, the Kentucky Consumer Protection Act, under which Plaintiffs advance a claim against Humana, allows for an award of punitive damages and injunctive relief, in direct conflict with the limited federal remedy. KRS § 367.220. The same is true of Plaintiffs' various tort

claims. Since Plaintiff's claims seek to expand upon that limited remedy, including by demanding punitive damages, they are preempted for this additional reason. *See generally Corporate Health Ins., Inc. v. Tex. Dep't of Ins.*, 215 F.3d 526, 539 (5th Cir. 2000), *vacated on other grounds*, 536 U.S. 935 (2002), *reinstated in pertinent part*, 314 F.3d 784 (5th Cir. 2003) (finding state tort remedy against insurer preempted "under general conflict principles"; the state law remedy "specifically conflict[s] with the administrative remedy provided by the Office of Personnel Management concerning benefits disputes"); *accord Kight*, 34 F. Supp. at 342 (same).[3]

## III.   Humana Inc. Is Not a Proper Defendant in This Action

Even if a FEHBA enrollee could bring claims against their carrier, Plaintiffs have sued the wrong party. The FEHBA plan at issue here was offered by Humana Health Plan, Inc., a wholly owned subsidiary of Humana Inc. (the named defendant). But it is black-letter law that "[a] parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). Only "in extraordinary cases, such as the corporate form being used for wrongful purposes, courts will pierce the corporate veil and disregard the corporate entity, treating the parent corporation and its subsidiary as a single entity." *Id.* The Complaint alleges nothing that would justify this draconian measure here, requiring judgment for Humana Inc. even if Plaintiffs' claims were otherwise viable. *See, e.g., Riddle v. Portfolio Recovery Associates, Inc.*, No. CIV.A. 12-82-DLB-JGW, 2014 WL 1252610, at *3 (E.D. Ky. Mar. 26, 2014) ("Plaintiff has offered no argument,

---

[3] The Complaint includes allegations that "Defendants breached their fiduciary duties under Federal and Kentucky law." ECF No. 1, Compl. ¶ 31. Even if Humana could be sued here and that claim was not preempted, Plaintiffs' fiduciary duty allegations would fail for the simple reason that FEHBA carriers do not owe fiduciary duties to their enrollees as a matter of federal law. *See Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520, 530-32 (D.C. Cir. 1982) (holding that FEHBA carriers did not owe a fiduciary duty to enrollees); *Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 44 (D.D.C. 1996) (same). Rather, a FEHBA carrier's relationship to its enrollees "is that of a third party beneficiary contract, not that of a trust." *Christiansen*, 683 F.2d at 530.

or set forth any facts, to suggest that PRA, Inc. is the alter ego of PRA, LLC. Having failed to do so,

PRA, Inc. is entitled to judgment as a matter of law.").

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims asserted against Humana.


Dated: June 17, 2020                              Respectfully Submitted,

                                                  _s/ Michael P. Abate_
                                                  Michael P. Abate
                                                  Kaplan Johnson Abate & Bird LLP
                                                  710 W. Main St., 4th Floor
                                                  Louisville, KY 40202
                                                  (502) 540-8280
                                                  mabate@kaplanjohnsonlaw.com

                                                  *Counsel for Humana Inc.*

## CERTFICATE OF SERVICE

I hereby certify that on June 17, 2020, I filed the foregoing motion to dismiss with the court

and served it on counsel by submitting it through the court's CM/ECF system. Except as noted

below, counsel of record are all ECF users who have entered appearances in this case.

Additionally, I served a copy of this motion by first-class U.S. mail and e-mail on:

Jennifer Ricketts, Branch Director
Federal Programs Branch
U.S. Department of Justice
1100 L St., NW
Washington, DC 20005
Jennifer.D.Ricketts@usdoj.gov

Benjamin Schecter, Civil Chief
USAO for the Western District of Kentucky
717 West Broadway
Louisville, KY 40202
Ben.Schechter@usdoj.gov

*Counsel for Federal Employee Health Benefits*
*Program/Office of Personnel Management*

s/ Michael P. Abate
Counsel for Humana Inc.